His Honor, CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
Plaintiff sues on a promissory note for $500 drawn by R. L. Dauterive and endorsed by Widow Blanche D. Hoselle. '
The defendant, Dauterive, pleaded partial payment of $456 and tender of balance, $44, prior to suit.
In a supplemental answer filed almost a year later he averred that since the filing of the original answer he “has discovered that on the back of the note sued upon there is an allegation inserted thereon which was not on the back of the note when same was signed and delivered to the plaintiff; that on the "back of said note there was nothing more than the signatures of the defendants herein. ’ ’
The defendant, Mrs. Hoselle, filed the same answer and supplemental answer.
There was judgment for plaintiff and the defendants hav'e appealed.
The “obligation” referred to is in the following words:
“The obligation of Dauterive Bros., with the Columbia Brewing Company is to be paid first before the payment of the note, amount $500, endorsed by Mrs. Blanche D. Hoselle.”
The facts of the case are that the defendant, Dauterive, solicited from the plaintiff a loan of $700 to pay for *107 the license of a saloon run by him and his brother and an additional sum of $500 which, according to plaintiff, was to buy his brother out, and according to defendant, was to pay for a doctor’s bill and hospital fees.
A drummer for the brewing company testifies that he called at the residence of the defendant, Mrs. Hoselle, with the defendant, Dauterive, and that he explained to her thal when she signed the $500 note any previous indebtedness would have to be paid; and that a few days later, Mrs. Hoselle came to the brewery and Mr. Karst, the president, explained to'her the indebtedness that was to be paid prior to the note that she signed for $500. Both notes were signed within a half hour of each other. The note of $700 was signed by “Dauterive Bros.,” while the note sued on of $500 was signed by defendant R. L. Dauterive.
Mr. Karst and the assistant secretary both testify that the obligation on the back of the $500 note was written after explanation to the defendants and before it was signed by them. The assistant secretary says that the obligation was written by him as it was’ dictated to him by the president; that the president “read this obligation to Mrs. Hoselle and Mr. Dauterive, and after he read it to them they were satisfied with the contents, and then it was signed and endorsed by Mrs. Hoselle and Mr. Dauterive. ’ ’
The defendants deny this. They file in evidence five receipts aggregating $45.6 marked “daily payments,” March, April, May and June, 1913, which they claim should be imputed to the note of $500.
At the time the payments were made, defendants did. not ask’ that they be credited to either one of' the two notes, and the receipts themselves do not! specify *108 ■any note or debt on account of wbicb the payments are made. The plaintiffs testify that according to the obligation on the reverse of the note and according to the understanding prevailing between breweries and saloons, the money advanced by the former to the latter to pay their license is reimbursed from their daily payments or rebates. We think the plaintiff has established both propositions by a preponderance of the testimony. We cannot presume that the receipts of the business carried on by “Dauterive Bros.” could be applied by R. L. Dauterive to the payment of his individual note without the consent of his brother, which is not shown.
Opinion and decree, January 17th, 1916.
The judgment of the District Court is therefore affirmed.